Pearson, J.
 

 The donor, who was a very old man, and whose faculties wore evidently impaired to some extent, had disposed of his estate by his will, and therein provided for a fair and equal division among his children, who were then living, and the children of his deceased child. This “family settlement,” as it may be termed, was at the time, concurred in by all of the members of the family; consequently, any alteration which was afterwards made, having the effect to defeat this equality of division, must be looked upon, by this Court, with suspicion ; and the
 
 onus
 
 of proving entire fairness on the part of McGinniss and Linebarger, at whose instance the deed of gift, mentioned in the pleadings was executed, and tlic notes of Linebarger and Beaty were surrendered up and cancelled, and also, that the donor had sufficient mental capacity to understand that the deed of gift and the surrender of the notes defeated,
 
 fro
 
 tanto, the equality of division provided for by the will, is upon the parties who procured these acts to be done.
 

 After full examination of the pleadings and proofs, we are satisfied that no unfair means were resorted to, or used, and the only question is, did the donor, at the time he executed the deed of gift and surrendered the potes, have sufficient mental capacity to understand that these acts defeated the equality ox division which lie had provided for by his will, and gave to McGinnis, Linebarger and Beaty, a preference to the value of the property given to them over and above his other sons-in-law and children. In respect to this question,
 
 *142
 
 owing to the very loose and defective manner in which the depositions are taken, we are unable to arrive at a satisfactory conclusion. We therefore direct that the following issues be submitted to a jury by the Superior Court of Law, for the County of Gaston, to wit:
 

 1. Was George Rutledge, at the time he executed the deed of gift, and caused the notes to be surrendered as mentioned in the pleadings, of sound mind?
 

 2. Did George Rutledge, at the time he executed the deed of gift, and caused the notes to be surrendered, have sufficient mental capacity to understand that the deed of gift, and the surrender of the notes, would have the effect of defeating the equality of division provided for in his will, and give to Mc-Ginnis, Liuebarger and Beaty a preference to the value of the negroes given, and of the notes surrendered, over his other sons-in-law and children ?
 

 The interlocutory order will provide for reading in evidence the deposition of any witness who may be dead or removed from the State, &c.
 

 Per Curiam. Decree accordingly.